Jack REED, Tom Powers, George Cole and
Ralph Ausman, Appellants
(Plaintiffs below),

v.

The CITY OF CHEYENNE, a municipal corporation, Herbert Kingham, as Mayor, and George Dubois and Floyd Holland, as Commissioners, of the City of Cheyenne, Appellees (Defendants below).

No. 3593.

Supreme Court of Wyoming.

June 12, 1967.

Paul B. Godfrey, Thomas O. Miller, Ellen Crowley, Cheyenne, for appellants.

A. Joseph Williams, Arthur Kline, Cheyenne, for appellees.

Before GRAY, McINTYRE, and PARKER, JJ., and SPANGLER, D. J.

Mr. Justice McINTYRE delivered the opinion of the court.

This is a companion case to Case No. 3589, Uhls v. State of Wyoming ex rel. City of Cheyenne, Wyo., 429 P.2d 74 in which an opinion is rendered simultaneously with this opinion. The action in this case, however, was brought by taxpayers and electors of the City of Cheyenne. They seek a declaratory judgment as to the constitutionality of the act for industrial development projects (art. 8, ch. 1 of Chapter 112, S.L. of Wyoming 1965) and as to the validity of proceedings for the issuance of revenue bonds in connection with a project of Wycon Chemical Company.

The project of Wycon Chemical Company involves the issuance of revenue bonds by the City of Cheyenne in the amount of $20,000,000. The proceeds of the bonds will be used to pay for an enlargement of Wycon's fertilizer plant in Laramie County, Wyoming, near Cheyenne.

The district court made findings of fact and conclusions of law similar to those in Case No. 3589, the *Uhls* case. Without entering judgment, it reserved to the supreme court certain important constitutional questions. The questions, although stated differently, pertain to the same constitutional considerations as those involved in *Uhls*. Since the same matters are dealt with fully in Case No. 3589, we do not deem it necessary to enter into lengthy discussions in this case, but we will comment briefly on each question.

*Question No. 1*

Does Article 8 of Chapter 1 of Chapter 112, Session Laws of Wyoming, 1965, contravene Article 13, Section 3 of the Wyoming Constitution in that it contains no legislative finding of public purpose and contains no express declaration of the public aims sought to be achieved?

The constitutional section referred to provides no tax or assessment shall be levied or collected or debts contracted by municipal corporations except in pursuance of law for public purposes specified by law. In discussing this section in the *Uhls* case, in connection with reserved question 2 of that case, we took the position that no tax or assessment is being levied and no debt is being contracted, within the meaning of art. 13, § 3.

■ Hence, no legislative finding or declaration of a public purpose is required, as far as the constitutional section referred to is concerned. In any event, it is to be noted, as we pointed out in the *Uhls* opinion, that the 1967 legislature has by amendment declared that industrial development projects of the kind here involved constitute public purposes. Ch. 95, § 1(b), S.L. of Wyoming 1967. We are shown no reason, and we know of none, why that does not supply any omission concerning a declaration in the 1965 act.

If it be considered that municipal functions must in all instances be for a public purpose in order to be valid, we can point out that in this case, which pertains to the Wycon project, considerable evidence was offered to show that the project did in fact fulfill a public purpose.

As reviewed by the district court in its findings of fact, this evidence included showings that the project will provide permanent employment for an additional 100 persons and temporary employment for construction workers; that employment and revenues in related industries, particularly transportation, will be increased; that ad valorem tax revenues in Laramie County will be increased by approximately $200,000 per year; that the cost of fertilizers and urea livestock feed supplements to ranchers and farmers in the Cheyenne trade area will be reduced; that the use of natural gas, the principal raw material, from the Cheyenne area will be increased, tending to promote development in the natural gas industry in Wyoming; that lower production costs for financing (by use of municipal revenue bonds) will enable Wycon to expand the markets for its products, resulting in increased employment and increased use of natural gas; that the use of the proposed revenue bonds will enhance Wycon's chances of meeting competition in the future and remaining as a part of the Cheyenne economy; and that the chemical plant of Wycon is the only plant in Wyoming engaged in the manufacture of nitrate fertilizers.

Of some interest is the testimony of an official of Wycon to the effect that one of Wycon's nearest competitors is the Co-op plant at Fremont, Nebraska, which is financed by municipal revenue bonds.

Although the notice of appeal in this case states that appeal is from the findings of fact and conclusions of law, appellants have not attempted to challenge or contradict the court's findings of fact with respect to a public purpose. Indeed, appellants have not, in their brief or oral argument, challenged any findings of fact. In view of this, we feel especially justified in sustaining the district court's findings of fact, as far as this case is concerned.

The answer to question 1 is no; the industrial development projects act does not contravene art. 13, § 3, of the Wyoming Constitution, for lack of a legislative finding and declaration of a public purpose.

### Question No. 2

Is the revenue bond financing provided for in City Ordinance No. 1534 and by the Contract of Acquisition By Purchase for a public purpose as required by Article 13, Section 3 of the Wyoming Constitution?

■ This question is substantially the same as question 2 in Case No. 3589, the *Uhls* case. Our answer to the question is yes; the revenue bond financing referred to is for a public purpose, and it is not unconstitutional on account of art. 13, § 3, Wyoming Constitution.

## Question No. 3

Does Article 8 of Chapter 1 of Chapter 112, Session Laws of Wyoming 1965, authorize the delegation to a private corporation of the power to make, supervise or interfere with municipal improvements, moneys, property or effects, contrary to the provisions of Article 3, Section 37 of the Wyoming Constitution?

■ The answer to this question is found in our treatment of question 1 in Case No. 3589. The answer is no; the act does not authorize the delegation of power contrary to art. 3, § 37, Wyoming Constitution.

## Question No. 4

Do Article 8 of Chapter 1 of Chapter 112, Session Laws of Wyoming, 1965, and City Ordinance No. 1534 of the City of Cheyenne contravene Article 16, Section 4 of the Wyoming Constitution in that approval of the issuance of the bonds has not been submitted to a vote of the people of the City of Cheyenne?

The constitutional provision referred to in this question was considered by us under question 4 of the *Uhls* case, Case No. 3589. We indicated there that a debt was not being created within the meaning of the section. Hence, approval of the issuance of the bonds need not be submitted to a vote of the people of Cheyenne.

■ The answer to question 4 in the present case is no; the act and ordinance do not contravene art. 16, § 4, Wyoming Constitution.

## Question No. 5

Do Article 8 of Chapter 1 of Chapter 112, Session Laws of Wyoming 1965, and City Ordinance No. 1534 of the City of Cheyenne violate the municipal debt limitation provisions of Article 16, Section 5 of the Wyoming Constitution?

This question is a part of what was asked in question 4 in Case No. 3589. Our discussion of the matter in the *Uhls* opinion disposes of the question. The answer is

no; the act and ordinance do not violate the municipal debt limitation provisions of art. 16, § 5, Wyoming Constitution.

## Question No. 6

Does the industrial development revenue bond financing authorized by Article 8 of Chapter 1 of Chapter 112, Session Laws of Wyoming, 1965, and City Ordinance No. 1534 of the City of Cheyenne, constitute the lending or giving of credit to a private corporation, contrary to the provisions of Article 16, Section 6 of the Wyoming Constitution?

■ Under question 3 in the *Uhls* opinion, we dealt with this same question, saying we were impressed with its significance. Our answer is no; the revenue bond financing authorized by the act does not constitute the lending or giving of credit to a private corporation contrary to the provisions of art. 16, § 6, of the Wyoming Constitution.

## Question No. 7

Do the provisions for renewal of the lease at a nominal price and the option to purchase the Project at a nominal price at the termination of the lease, contained in the Lease Agreement, constitute a donation of municipal property, contrary to the provisions of Article 16, Section 6 of the Wyoming Constitution?

■ As a part of our discussion under question 3, in Case No. 3589, we considered whether the provisions for renewal of the Frontier lease at a nominal price or the option to purchase the project at a nominal price, after termination of the lease, constitute a donation of municipal property contrary to the provisions of art. 16, § 6, Wyoming Constitution. We answered no.

The renewal and option provisions contained in the Wycon lease are substantially the same as those contained in the Frontier lease, and our answer must be the same. As to question 7 reserved in the instant case, then, we answer no; the renewal and option provisions referred to do not con-

stitute a donation of municipal property contrary to the provisions of art. 16, § 6.

### Question No. 8

Do Article 8 of Chapter 1 of Chapter 112, Session Laws of Wyoming, 1965, and City Ordinance No. 1534, by providing for the taxation of the Project property, contravene Article 15, Section 12 of the Wyoming Constitution exempting municipal property from taxation?

We dealt with the identical question under question 5 as reserved in the *Uhls* case. As indicated therein, we answered no; the act and ordinance, by providing for the taxation of the project property, do not contravene art. 15, § 12, of the Wyoming Constitution, which exempts municipal property from taxation when used primarily for a governmental purpose.

### Conclusions of Law

We have already indicated the appeal in this case does not challenge findings of fact. It does, however, challenge conclusions of law. Although the conclusions of law and questions raised on appeal pertaining thereto are stated in different language and in different order from those in Case No. 3589, all of such conclusions which are questioned on appeal in this case were considered and disposed of in the *Uhls* opinion (Case No. 3589), except that in the instant case a further question is raised with respect to art. 16, § 8, Wyoming Constitution.

This section of the constitution provides that no bond or evidence of debt of a political subdivision shall be valid unless it shall have endorsed thereon a certificate stating that the bond or evidence of debt is issued pursuant to law and is within the debt limit. It is apparent on the face of the section that its sole purpose is to assure bond purchasers that the debt being created does not exceed whatever debt limitation is applicable.

We think it clear that the section has reference only to obligation bonds or other evidence of debt where a debt is created. Inasmuch as we are holding that the issuance of revenue bonds, under the provisions of the industrial development projects act, does not come under the debt limitation provisions of our constitution, it follows that art. 16, § 8, has no application to the financing employed for the Wycon project.

We consider all other assignments of error suggested in this case sufficiently answered in the *Uhls* opinion and will not prolong this opinion with them.

### Summary

The answer to reserved questions 1, 3, 4, 5, 6, 7 and 8 is no, and the answer to reserved question 2 is yes. The effect of all the answers is to say neither the industrial development projects act (art. 8, ch. 1, of Ch. 112, S.L. of Wyoming 1965) nor the city ordinance which authorizes the Wycon project is unconstitutional, insofar as the questions raised are concerned.

We are also saying there is no error in the findings of fact and conclusions of law of the district court and such findings and conclusions are affirmed.

The case is remanded to the district court for the entry of judgment consistent with this opinion.

HARNSBERGER, C. J., not participating.

GRAY and PARKER, Justices (concurring in the result).

The constitutional questions presented in this case are substantially like those in Uhls v. State ex rel. City of Cheyenne, Wyo., 429 P.2d 74, and for the reasons stated in our dissent to that opinion, we do not challenge the answers thereto.

As to the findings of fact and conclusions of law, we are especially disturbed at one aspect, namely, the lack of showing of public purpose within the provisions of Art. 13, § 3. The discussion of this matter by the controlling opinion is most general.

While there was ample uncontradicted evidence showing numerous benefits to the community by the industrial project, the plant was privately financed prior to the time of the introduction of the pertinent ordinance and the beginning of this suit, and in order to justify the issuance of the questioned bonds, it would be necessary to show that a public purpose would be served by the issuance of the bonds which would not be accomplished by the private financing. Our review of the record discloses insufficient evidence to accomplish this.

The President of the Wycon company was asked, "Is it not * * * true that the same number of men will be employed in operating the plant, the same quantities of natural gas will be used, and the same benefits will accrue to the people of the Cheyenne area and the State of Wyoming generally regardless of whether the plant is financed through private sources or through the issuance of these municipal revenue bonds?" This official answered, "Not necessarily," and then went on to explain that if the plant was financed with municipal bonds the costs would be lowered and the company able to compete more effectively in its products and that benefits would accrue to the public in the Cheyenne area when the plant was able to operate at full capacity. At best we think this evidence was both indefinite and speculative, not supporting the finding of the court that the lower production costs resulting from the issuance of the industrial development revenue bonds would enable Wycon to expand the market for its products, resulting in increased employment and increased use of natural gas. However, the notice of appeal did not challenge the findings of fact, which in any event were not questioned in brief or argument and may not now be considered in appellants' attack upon the court's conclusions of law as being violative of the constitutional provision relating to the restriction of municipal corporations acting other than in pursuance of law for public purpose. We, therefore, concur in the result reached by the opinion.